UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

RHONDA ASHER,

    Plaintiff,

                              CASE NO: 3:20-CV-15

vs.

NINO'S PIZZERIA AND EATERY, LLC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, RHONDA ASHER("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues NINO'S PIZZERIA AND EATERY, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Tennessee pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Tennessee.

3. Plaintiff, RHONDA ASHER (hereinafter referred to as "ASHER"), is a resident of the State of North Carolina, and is a qualified individual with a disability under the ADA.

1

ASHER suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has diabetes and has had a partial foot amputation and other complications that require her to rely upon a wheelchair for mobility.

4. ASHER travels to Tennessee two to three times every year to visit with her grandchildren, and has done so for the past five years. Prior to instituting the instant action, ASHER was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA, as set forth in greater detail in Paragraph 12, below. Plaintiff has been deterred from returning due to the barriers to access that remain and which continue to deny her access. ASHER continues to desire to visit and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

5. The Defendant, NINO'S PIZZERIA AND EATERY, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Tennessee. Upon information and belief, NINO'S PIZZERIA AND EATERY, LLC (hereinafter referred to as "NINO'S ") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Nino's Pizzeria , located at 105 Long Springs Road, in Sevierville, Tennessee (hereinafter referred to as the "Restaurant").

6. All events giving rise to this lawsuit occurred in the Eastern District of Tennessee.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the

2

Case 3:20-cv-00015-PLR-HBG   Document 1   Filed 01/09/20   Page 2 of 6   PageID #: 2

ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by NINO'S is a place of public accommodation in a that it is a Restaurant operated by a private entity that provides goods and services to the public.

9. NINO'S has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

10. ASHER has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by NINO'S. Prior to the filing of this lawsuit, ASHER visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 12, below, that she personally encountered. In addition, ASHER continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. ASHER has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. NINO'S is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et*

*seq.* and is discriminating against the ASHER as a result of *inter alia*, the following specific violations:

    (i)    The accessible parking spaces lack raised signage to designate them as such;

    (ii)    The van accessible parking space has a running slope that is too steep for a wheelchair user;

    (iii)    The van accessible parking space is not on the closest accessible route to the entry;

    (iv)    Cars are allowed to park in front of the entry doors and obstruct the accessible route to the entry;

    (v)    There is insufficient level maneuvering clearance at the entry for a wheelchair user to enter independently due to a slope at the door;

    (vi)    The toilet rooms have the following barriers to access:

        a.  Entry doors have knob-type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

        b.  Toilet rooms lack accessible signage;

        c.  Entry doors have insufficient clear floor space on the pull side of the entry doors for a wheelchair user;

        d.  Water closets lack grab bars necessary for wheelchair users;

        e.  Mirrors are mounted too high for a wheelchair user;

    (vii)    There is no accessible table with sufficient knee clearance in the dining area for a wheelchair user;

13. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by NINO'S that were not specifically identified herein as the ASHER is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by ASHER or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, NINO'S was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, NINO'S has failed to comply with this mandate.

16. ASHER has been obligated to retain undersigned counsel for the filing and prosecution of this action. ASHER is entitled to have her reasonable attorney's fees, costs and expenses paid by NINO'S pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant ASHER injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the ASHER demands judgment against NINO'S, and requests the following injunctive and declaratory relief:

- A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

- B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

- C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

- D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 9th day of January, 2020.

Respectfully submitted,

By:    s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

6

Case 3:20-cv-00015-PLR-HBG   Document 1   Filed 01/09/20   Page 6 of 6   PageID #: 6