UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

RHONDA ASHER,

    Plaintiff,

vs.
                                  CASE NO: 3:20-CV-15-PLR-HGB

NINO'S PIZZERIA AND EATERY, LLC.

    Defendant.
_____/

## **CONSENT DECREE**

A Complaint has been filed by Plaintiff for violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). The Complaint seeks injunctive relief compelling Defendant, Nino's Pizzeria and Eatery, LLC to alter its restaurant, to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA.

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to dismiss this case with prejudice and to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

The parties and their respective counsel, having consented to the entry of this Decree, agreeing that such Decree is appropriate, it is therefore, ORDERED, ADJUDGED, and DECREED as follows:

1

## I. JURISDICTION

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties to this Consent Decree. The parties agree to be bound by the terms of this Consent Decree and not to contest its validity in any subsequent proceeding arising from it.

## II. DEFINITIONS

The following definition shall apply in this Consent Decree: "Standards" means 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

## III. RESPONSIBILITIES OF DEFENDANT/WORK PLAN

The Defendant agrees to make the following modifications and alterations, pursuant to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"), throughout the restaurant that are the subject of this action (hereinafter referred to as the "Restaurant ") as attached hereto as Exhibit 1.

## IV. RESPONSIBILITY OF PLAINTIFF

Plaintiff's representatives shall be provided reasonable access to the Restaurant to verify completion of the above referred-to work on a date mutually agreed to by the parties, to the extent such verification is necessary following review of the digital photographs documenting completion to be provided by Defendant.

## V. COMPLETION

The Defendant agrees to complete all alterations and modifications to the Facilities referenced herein on or before March 1, 2021. The Defendant shall notify Plaintiff upon completion of the agreed modifications. Plaintiff shall be provided reasonable access to the Facility to verify completion of the above-referenced work. Defendant shall provide digital photographs depicting completion of the agreed modifications to potentially obviate the need for a post-completion inspection. Upon completion of the modifications contained herein, Defendant shall have complied with the ADA at the subject properties.

## VI. CONSENT DECREE ENFORCEMENT

If any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VII. CONTINUING OBLIGATION

It is the intention of the parties that, if the Facilities are sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein.

## VIII. PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

## IX. ADMISSIBILITY OF CONSENT DECREE

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations. The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

## X. WRITTEN NOTICE

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The parties' addresses for providing Notices hereunder shall be as follows:

| **Plaintiff:** | **Defendant** |
|---|---|
| Edward I. Zwilling, Esq.<br>Law Office of Edward I. Zwilling, LLC<br>4000 Eagle Point Corporate Dr.<br>Birmingham, Alabama, 35242<br>Telephone: (205) 822-2701<br>Email:<br>edwardzwilling@zwillinglaw.com | Brandon L. Morrow<br>(Tenn. BPR No. 031242)<br>KRAMER RAYSON LLP<br>800 S. Gay Street, Suite 2500<br>Knoxville, TN 37929<br>Telephone: (865) 525-5134<br>Email:<br>bmorrow@kramer-rayson.com |

4

IN WITNESS WHEREOF, the parties have hereunto signed their names on the day and year written below.

*s/ Edward I. Zwilling*       *s/ Brandon L. Morrow*
Edward I. Zwilling, Esq.      Brandon L. Morrow
Schwartz Roller & Zwilling      (Tenn. BPR No. 031242)
600 Vestavia Parkway, Suite 251      KRAMER RAYSON LLP
Birmingham, Alabama, 35216      800 S. Gay Street, Suite 2500
Telephone: (205) 822-2701      Knoxville, TN 37929
Facsimile: (205) 822-2702      Telephone: (865) 525-5134
Email: ezwillingr@szalaw.com      Email: bmorrow@kramer-rayson.com

**IT IS HEREBY ORDERED**:

1. The settlement terms contained herein are hereby incorporated and made part of this Consent Decree.

2. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of this consent decree.

3. Except as necessary to enforce the terms of this consent decree, this case is hereby dismissed with prejudice.

DONE AND ORDERED in Chambers this 22nd day of July, 2020.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

**Conformed copies to:**
Counsel of Record

# EXHIBIT 1

A. **EXTERIOR ISSUES.** The subject Restaurant is leased by Defendant and, as such, Defendant lacks any control over the exterior issues to remove barriers as recommended in Exhibit A. The parties agree that Defendant shall write the landlord to provide a courtesy copy of the Jones report attached hereto as Exhibit A, to advise of the pending ADA lawsuit against Defendant, and to request the landlord remediate the barriers to access with regard to accessible parking and the accessible route to enter the subject Restaurant. Defendant shall copy Plaintiff's counsel with such correspondence. In return, should exterior barriers to access not be remediated by Defendant's landlord, Plaintiff reserves the right to proceed on those issues with the landlord directly.

B. **INTERIOR ISSUES.** Defendant agrees to make the following modifications to the subject Restaurant:

  i. <u>Entry Door</u>. Defendant shall ensure the entry door threshold is properly beveled to comply with §§303.3 and 404.2.5 of the Standards such that it shall be no higher than ½ inch; however, this modification may be timed to concur with future modifications to provide a level landing at the entry door, at Defendant's discretion.

  ii. <u>Accessible Dining Room Tables</u>. The attached Exhibit A documents that existing tables provide the proper height for a wheelchair user in compliance with §902.3 of the Standards. However, the depth of knee and toe clearance provided at existing tables is not documented in Exhibit A. As such, Defendant shall ensure that at least 5% of tables provide clearances set forth in §§306.2, 306.3 and 902.2 of the Standards, and these tables are located on an accessible route to the entry, service counter and public toilet rooms.

  iii. <u>Check Out Counter</u>. If patrons are required to pay at the check out counter, either when dining in or carrying out, Defendant shall provide an accessible writing surface by provide a folding shelf that is attached to the front of the

6

counter that is 36inches in width and 17 inches deep and mounted at a height of 36 inches above the finished floor.

    iv.    <u>Toilet Rooms</u>.  Defendant shall make the following modifications in both the Men's and Women's Toilet Rooms, unless indicated for solely one toilet room below:

        a.    <u>Signage</u>.  Defendant shall accessible signage at the toilet rooms so each sign shall be posted on the toilet room entry door with baselines of the tactile characters measuring between 48 and 60 inches above the finished floor to comply with §703 of the Standards.

        b.    <u>Entry Door Thresholds</u>.  The toilet room entry door thresholds shall be modified to comply with §§303.3 and 404.2.5 of the Standards by ensuring they are beveled and no taller than ½ inch.

        c.    <u>Entry Door Hardware</u>.  Defendant shall equip the toilet room entry doors with lever-style hardware that does not require tight grasping, pinching or twisting of the wrist to operate.  If an integral locking mechanism is provided, it shall be of a push-button (and not a pinch and twist) design.

        d.    <u>Grab Bars at Water Closets</u>.  Defendant shall provide a 36- inch long rear grab bar and a 42-inch long side grab bar, mounted with their top surfaces between 33 and 36 inches AFF, to comply with §604.5 of the Standards.

        e.    <u>Water Closet Flush Valve in Women's Toilet Room</u>.  Defendant shall ensure that the flush valve on the Women's water closet faces the open side of the Women's toilet room to comply with §604.6 of the Standards

        f.    <u>Toilet Paper Dispensers</u>.  Defendant shall relocate toilet dispensers to comply with §604.7 of the Standards so they are between 7 and 9 inches in front of the water closet measured to the centerline of the dispenser. The outlet of the dispenser shall be between 15 and 48 inches above the finished floor and shall not be located behind grab bars.

7

g. <u>Paper Towel Dispensers</u>. The paper towel dispensers shall be located so that the highest operable part is no higher than 48 inches above the floor.

h. <u>Mirrors</u>. The mirrors shall be relocated so that their lowest reflective edges are no higher than 40 inches above the floor. Alternatively, Defendant may provide a full-length mirror in an accessible location in each toilet room and lower existing mirrors to remain as they are.